**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

UNITED STATES OF AMERICA

v.  Case No. 6:12-cr-263-Orl-37GJK

SERGEI KUSYAKOV

**ORDER**

This cause is before the Court on the Government's request for restitution. Defendant is the registered agent of multiple chiropractic clinics in central Florida. (Presentence Investigation Report, ¶ 15.) Defendant paid an individual who worked for Florida Hospital to access individually identifiable health information of patients who had been involved in motor vehicle accidents. (*Id.* ¶¶ 10–11, 17.) Defendant then used that information to solicit patients for chiropractic services for commercial advantage. (*Id.* ¶ 23.) Defendant was charged with violations of 18 U.S.C. §§ 2 and 371, and 42 U.S.C. §§ 1320d-6(a) and 1320d-6(b)(3). (Doc. 15.) He pled guilty to these offenses. (Docs. 48, 52.)

The Government seeks restitution on behalf of Allstate[1] for the claims Allstate paid to the Metro Chiropractic and Wellness clinic on behalf of patients solicited through this scheme. (*See* April 8, 2013 Gov. Memo. in Presentence Investigation Report.) On May 9, 2013, the Court held a hearing on this matter. (Doc. 54.)

---

[1] Affidavits in support of restitution were submitted by Allstate Insurance Company, Allstate Fire and Casualty, Allstate Indemnity Company, and Northbrook Indemnity Company. (*See* affidavits attached to April 8, 2013 Gov. Memo. in Presentence Investigation Report, replicated at Doc. 54, Gov.'s Ex. 3.) The affiant for each is the same individual (*see id.*) and at the hearing on the restitution issue the parties represented that "Allstate" seeks restitution. The Court therefore collectively refers to the entities seeking restitution as "Allstate."

Florida Statutes § 817.234(8)(d) provides that any person who unlawfully solicits business from a person involved in a motor vehicle accident under § 817.234(8) and who charges for any services rendered to such solicited persons is not entitled to compensation for those services.

At the hearing, the Government represented that even if the patients for whose claims Allstate seeks restitution were rendered legitimate chiropractic treatment by health care professionals who did not know about Defendant's scheme, Allstate would still be entitled to restitution based on a disgorgement theory. (Doc. 54.)[2] The Court disagrees. While Defendant did unlawfully solicit business in violation of § 817.234(8)(b), there is no evidence that he rendered any services to these patients, as required by § 817.234(8)(d). Thus, on these facts, Allstate does not qualify as a victim entitled to restitution.

Further, the Government has made no showing that those who did render services to patients had knowledge of the fact that the patients were improperly solicited by Defendant. The outcome may have been different if the Government's case had been brought against the health care professionals or others who rendered services (*see, e.g.*, Fla. Stat. § 817.234(8)(c)) and if the Government's evidence established that such persons had knowledge of Defendant's solicitation. However, on the evidence presented, the Court is unable to take that inferential leap.

Additionally, there is no issue as to the reasonableness or necessity of the treatment rendered. While the subject clinic may not have otherwise received the business that resulted from Defendant's solicitation, there is no evidence that the patients would not have received treatment elsewhere, for which Allstate would have

---

[2] A certified copy of the hearing transcript is not available at this time.

paid. As such, the Government has not demonstrated that Allstate suffered any economic loss.

In light of the fact that the evidence does not support that Defendant rendered services to patients, that the health care professionals who did render services had knowledge of Defendant's solicitation, and that Allstate suffered economic loss, the Court finds that Allstate is not entitled to restitution pursuant to Florida Statutes § 817.234(8)(d).

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Government's request for restitution is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 10, 2013.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record